Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORMA GUTIERREZ, *on behalf of herself and those similarly situated,*  Plaintiff,  vs.  MERCANTILE ADJUSTMENT BUREAU, LLC, and JOHN DOES 1 to 10,  Defendant. | Civil Action No.  **CLASS ACTION COMPLAINT** |

Plaintiff, Norma Gutierrez, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, Mercantile Adjustment Bureau, LLC; and John Does 1 to 10, says:

**I.    NATURE OF THE ACTION**

1.    Plaintiff brings this class action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by making statements that misrepresented the tax consequences of a reduced settlement. Such statement "does not accurately reflect the relevant law; in this respect, it is not true. In addition, the statement's invocation of the IRS is deceptive and misleading."[1]

---

[1] *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 749-50 (E.D. Pa. 2014); *see also Pape v.*

## II.  JURISDICTION AND VENUE

2.  This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

## III.  PARTIES

4.  Plaintiff, Norma Gutierrez ("Plaintiff" or "Gutierrez"), is a natural person residing in Passaic County, New Jersey.

5.  Defendant, Mercantile Adjustment Bureau, LLC ("Defendant" or "MAB"), is a collection agency with an office located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

6.  Defendant John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendant whose identity will be disclosed in discovery and should be made parties to this action.

## IV.  FACTS

7.  Defendant is not in the business of extending credit, selling goods or services to consumers.

8.  Defendant regularly collects or attempts to collect debts that are past due.

---

*Law Offices of Frank N. Peluso, P.C.*, No. 3:13 CV 63 (JGM), 2016 U.S. Dist. LEXIS 694, at *27-8 (D. Conn. Jan. 5, 2016) (Statement that "[w]e may also report this to the IRS as Debt Cancellation Income pursuant to IRS Reg. § 1.61-12 if payment is not received" violates the FDCPA where "defendant . . . could not report the cancellation of plaintiff's debt to the IRS[.]"); *Wagner v. Client Services, Inc.*, Case No. 08-5546, 2009 U.S. Dist. LEXIS 26604, at *12, 2009 WL 839073 (E.D. Pa., March 26, 2009) ("By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true."); *Kuehn v. Cadle Co.*, Case No. 5:04-cv-432, 2007 U.S. Dist. LEXIS 25764, 2007 WL 1064306 (M.D. Fla., April 6, 2007) (This includes a statement that a 1099 must be issued when a 1099 is not required.).

9. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. MAB is a collection agency.

13. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from one or more transactions which were primarily for Plaintiff's personal, family or household purposes ("Debt" or "Account").

14. The debts alleged to be owed by the Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15. The Account was assigned to MAB for the purpose of collecting the Debt.

16. Defendant contends that the Account is past due and in default.

17. The Account was past due and in default at the time it was placed with or assigned to MAB for collection.

**V.   DECEPTIVE INVOCATION OF THE IRS**

18. In an attempt to collect the Debt, Defendant mailed collection letters to Plaintiff on May 7, 2015; July 1, 2015 and September 11, 2015 ("MAB Letters"). True copies of the MAB Letters, but with redactions, are attached as **Exhibit A**.

19. Plaintiff received and reviewed the MAB Letters.

20. The MAB Letters states

> Please be aware that if the amount of principal debt forgiven is equal to or greater than $600.00, our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended that you consult with a certified public accountant or other tax professional.

21. Defendant's statement that "our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c," "if the amount of principal debt forgiven is equal to or greater than $600.00" is false, deceptive and misleading.[2]

22. The Department of Treasury regulations require an "applicable entity"[3] to report a discharge of indebtedness over $600 to the Internal Revenue Services if and only if there has been an "identifiable event,"[4] subject to seven exceptions.[5]

23. Such exceptions to the reporting requirement include if the consumer files and obtains a bankruptcy discharge on a consumer debt, or any interest or non-principle amounts.[6]

24. The statement that "if the amount of principal debt forgiven is equal to or greater than $600.00 our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c"" is false and misleading to the least sophisticated consumer.

25. Such false statement is deceptive and misleading because the statement conveys to the least sophisticated consumer that there are consequences to paying or settling the debt for less than what was alleged to be owed.

---

[2] *See Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742 (E.D. Pa. 2014).
[3] "Applicable entity" is defined in 26 U.S.C. § 6050P(c)(1).
[4] As described in 26 Treas. Reg. § 1.6050P-1(b)(2).
[5] *See* 26 Treas. Reg. § 1.6050P-1(a)(1), (d).
[6] 26 Treas. Reg. § 1.6050P-1(d)(1)-(3).

26. Such false statement is deceptive and misleading because the statement conveys to the least sophisticated consumer that one may face negative consequences with the Internal Revenue Service for paying or settling the debt for less than what was alleged to be owed.

27. Such false statement is deceptive and misleading because the statement deliberately fails to disclose that such reporting is required under only limited circumstances.

28. Such false statement is deceptive and misleading because the statement deliberately fails to disclose that such reporting requirement is subject to seven exceptions.

29. Defendant's statement invoking the IRS is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying at all would have serious tax implications or otherwise be in trouble with the IRS.

### VI.   CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with addresses wthin the State of New Jersey, to whom, beginning May 6, 2015 through and including the final resolution of this case, Mercantile Adjustment Bureau, LLC, sent one or more letter(s) in attempts to collect a consumer debt, which contained the language: "Please be aware that if the amount of principal debt forgiven is equal to or greater than $600.00, our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c."

32. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

33. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

34. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendant is a debt collector under the FDCPA;

    B. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1);

    C. Whether Plaintiff and the Class are entitled to damages.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

36. Plaintiff's claims are typical of the claims of the members of the Class.

37. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

38. Plaintiff does not have interests antagonistic to those of the Class.

39. The Class, of which Plaintiff is a member, is readily identifiable.

40. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions, other complex litigation, and claims of the type asserted in this action.

41. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

42. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII.   COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff, on behalf of herself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

44. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

45. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

46. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

47. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

48. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

49. The MAB Letters and similar letters sent to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

50. The MAB Letters and the same and similar letters were sent by Defendant to Plaintiff and those similarly situated in attempts to collect the debts.

51. By sending numerous collection letters that misleadingly and deceptively invoked the Internal Revenue Service and contained inaccurate statements regarding the tax consequences of a settlement, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), and 1692f of the FDCPA.

52. The violations of the FDCPA described herein constitute *per se* violations.

53. As a result of any one or more of the above violation of the FDCPA, Defendant is liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Norma Gutierrez, on behalf of herself and others similarly situated, demands judgment against Defendant, Mercantile Adjustment Bureau, LLC, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## IX.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                           KIM LAW FIRM LLC

                                           *s/ Yongmoon Kim*
                                           Yongmoon Kim, Esq.
                                           *Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: May 6, 2016